UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES of the AGMA HEALTH FUND,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

24-CV-5168 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On July 9, 2024, Plaintiff, the Board of Trustees of the AGMA Health Fund, filed the complaint in this ERISA action against Defendant Aetna Life Insurance Company. Attached to the complaint as Exhibit C is the Master Services Agreement ("MSA") executed between Plaintiff and Defendant. ECF Nos. 1-4, 1-5. Before the Court is Defendant's motion to seal Exhibit C to the Complaint and file a redacted version in its place. *See* ECF No. 14. Plaintiff does not oppose the motion. *See* ECF No. 12.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119–20. First, the court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Second, the court must assess the weight of the common law presumption of access that attaches to those documents. *Id.* Third, the court must balance competing considerations against the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those

resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

As detailed further below, the Court concludes that the first and second prongs of the *Lugosch* test counsel against sealing, but it will allow Defendant the opportunity to submit additional information before it rules on the third prong of the test.

First, a complaint is undoubtedly a judicial document, *see Bernstein*, 814 F.3d at 142 ("A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" (quoting *Lugosch*, 435 F.3d at 119)). Exhibits to a complaint, however, are judicial documents "only if they are *currently* relevant to the judicial function, not if they 'could later become relevant to the judicial function.'" *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 417 (S.D.N.Y. 2019) (quoting *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 140 (2d Cir. 2017)). Here, the MSA is "central to the legal claims raised in the Complaint," *C.R. Corps v. Pestana*, No. 21 CIV. 9128 (VM), 2022 WL 220020, at *4 (S.D.N.Y. Jan. 25, 2022), as it sets forth the terms of an agreement that is a subject of this dispute, *see* Complaint ¶¶ 15–20. The MSA is therefore a judicial document.

Second, the presumption of public access carries strong weight here. The MSA—as an exhibit to the Complaint—was "presented to the court to invoke its powers or affect its decisions." *Bernstein*, 814 F.3d at 142. Moreover, the MSA serves a crucial role in "determining litigants' substantive rights," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), because it defines, in part, the relative rights and duties of the parties with respect to the issues in this litigation, *see GSC Logistics, Inc. v. Amazon.com Servs. LLC*, No. 23-CV-5368 (JGLC), 2023 WL 4993644, at *4 (S.D.N.Y. Aug. 4, 2023).

Although the Court is inclined to deny the motion, it will give Aetna the opportunity to present additional information regarding the third part of the *Lugosch* test. Aetna argues that the MSA contains confidential business information "including details of Aetna's business operations such as benefit information, contract terms, network participation policies and procedures, pricing and strategic business information, and other proprietary data[,] . . . disclosure of which is competitively disadvantageous to Aetna." ECF No. 14 at 2. Additionally, Defendant notes that the MSA itself prohibits Plaintiff from disclosing such information. *Id.* at 1. This argument, however, is "lacking in particularity" and does "not provide adequate support for the Court to conclude" at this time that Aetna's interest in maintaining confidentiality outweighs that of public access, *Brandon v. NPG Recs., Inc.*, No. 19-cv-01923, 2020 WL 2086008, at *11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020). "Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, . . . conclusory statements that documents contain confidential business information are insufficient to justify sealing." *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18-cv-2268, 2023 WL 1961280, at *1 (S.D.N.Y. Feb. 13, 2023) (internal citations and quotation marks omitted). "Courts in this District," moreover, "have consistently held that [p]arties' interest in a confidentiality agreement enacted between them is not sufficient on its own to overcome the interest of public disclosure and transparency." *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-05219, 2024 WL 1329381, at *5 (S.D.N.Y. Mar. 28, 2024); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases).

      Defendant is thus instructed to file a supplemental letter no later than October 14, 2024 advising the Court—in more detail and consistent with case law—as to why its privacy interests outweigh the public right of access.

SO ORDERED.

Dated:     October 7, 2024
             New York, New York

_____
Ronnie Abrams
United States District Judge