UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES of the AGMA HEALTH FUND,<br><br>          Plaintiff,<br><br>       v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>          Defendant. | 24-CV-5168 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

On July 9, 2024, Plaintiff, the Board of Trustees of the AGMA Health Fund, filed the complaint in this ERISA action against Defendant Aetna Life Insurance Company. Attached to the complaint as Exhibit C is the Master Services Agreement ("MSA") executed between Plaintiff and Defendant. ECF Nos. 1-4, 1-5. Before the Court is Defendant's motion to seal Exhibit C to the Complaint and file a redacted version in its place, *see* ECF No. 14, which Plaintiff does not oppose, *see* ECF No. 12. On October 14, 2024, pursuant to the Court's October 7, 2024 order, *see* ECF No. 24, Defendant filed a supplemental letter and accompanying declaration in support of its motion, *see* ECF No. 27. For the reasons that follow, Defendant's motion is granted.

## LEGAL STANDARD

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119–20. First, the court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Second, the court must assess the

weight of the common law presumption of access that attaches to those documents. *Id.* Third, the court must balance competing considerations against the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.[1] A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

## DISCUSSION

In its October 7, 2024 Order, the Court concluded that the first and second prongs of the *Lugosch* test appeared to counsel against sealing, but allowed Defendant the opportunity to submit additional information before ruling. *See* ECF No. 24. The Court maintains its conclusion that the MSA is a judicial document, and thus that the first prong weighs against sealing. *See id.* at 2. However, with the benefit of Defendant's supplemental briefing, the Court now determines that the weight of the presumption of access is low regarding the specific information that Defendant seeks to redact.

Defendant seeks to redact only the rates that Plaintiff agreed to pay for management of Medical Services and Prescription Drug Services, which are contained in two separate fee schedules within the MSA. *See* ECF No. 12-1 at 18–22, 28–30, 35. This action does not involve a dispute concerning those rates. Rather, Plaintiff alleges that Defendant breached its fiduciary duties under the MSA by failing to timely pay benefits claims, thereby causing the denial of Plaintiff's stop-loss insurance coverage. *See* ECF No. 1 ¶¶ 44–81. The material that Defendant seeks to redact is therefore "largely collateral to the factual and legal issues central to the resolution" of this case. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017). Accordingly, the weight of the presumption of access is low with respect to this material, as the

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

material does not bear on Plaintiff's claims. *See Avocent Redmond Corp. v. Raritan Americas, Inc.,* No. 10 CIV. 6100 PKC, 2012 WL 3114855, *15 (S.D.N.Y. July 31, 2012); *cf. Turner Network Sales, Inc. v. DISH Network L.L.C.*, No. 17-CV-7599 (RA), 2019 WL 147372, at *2 (S.D.N.Y. Jan. 9, 2019) ("The Court is unable to adjudicate that motion without substantial reference to, and interpretation of, the material that the parties seek to redact.").

The third prong of the *Lugosch* test requires the Court to "weigh the presumption of disclosure against countervailing factors," *Avocent Redmond Corp.*, 2012 WL 3114855, at *15, which include "harm to a litigant's competitive standing," *Turner Network Sales, Inc.*, 2019 WL 147372, at *2; *see also Seoul Viosys Co. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *41 (S.D.N.Y. Sept. 30, 2018); *Oliver Wyman, Inc*, 282 F. Supp. 3d at 706; *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). To justify sealing, the moving party must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18 CIV. 2268 (AT), 2023 WL 1961280, at *1 (S.D.N.Y. Feb. 13, 2023).

In support of its motion, Defendant has submitted the declaration of Aetna Account Executive Jennifer Babbie. *See* Babbie Decl., ECF No. 27-1. Babbie asserts that the rates listed in the medical and prescription drug services fee schedules are "commercially sensitive information" that represent the "services fee costs agreed to" between Plaintiff and Defendant. *Id.* ¶ 7. She further explains that public disclosure of this information "is likely to result in commercial harm to Aetna by allowing competitors of Aetna to access Aetna's agreed terms for reimbursement in exchange for [such services]." *Id.* ¶ 8. "Access to this financial information could create [a] disadvantage for Aetna in competing for customers seeking health plan administrative support services." *Id.*

The Court thus finds the weight of the presumption of public access that attaches to the material in question to be low, and that Defendant has "demonstrated particular and specific facts showing that disclosure . . . would result in an injury sufficiently serious to warrant protection." *Oliver Wyman, Inc*, 282 F. Supp. 3d at 707; *see also In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction"); *Avocent Redmond Corp.*, 2012 WL 3114855, at *16 (permitting sealed filing of documents "because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"). Accordingly, Defendant's motion is granted.

## CONCLUSION

For the reasons set forth above, Defendant's motion to seal Exhibit C to the Complaint and file a redacted version in its place is granted.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 12 and 14.

SO ORDERED.

Dated:    October 28, 2024
          New York, New York

_____
Ronnie Abrams
United States District Judge