UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES of the AGMA HEALTH
FUND,

                             Plaintiff,

                       v.

AETNA LIFE INSURANCE COMPANY,

                           Defendant.

24-CV-5168 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On July 9, 2024, Plaintiff Board of Trustees of the AGMA Health Fund (the "Board"), filed the complaint in this action against Defendant Aetna Life Insurance Company ("Aetna"). ECF No. 1. Before the Court is Aetna's motion to stay this case pending a ruling on Aetna's petition to compel arbitration of the Board's claims, which Aetna filed in the District of Connecticut. *See* ECF No. 17.

## BACKGROUND

The Board administers the AGMA Health Fund (the "Fund"), which is a multi-employer employee benefit plan that provides self-funded hospital, medical, and prescription drug benefits. Complaint ¶ 2. By agreement effective January 1, 2021, the Board engaged Aetna to provide certain third-party administrative services for the Fund. *Id.* ¶ 14. The terms of that engagement are set forth in a Master Services Agreement ("MSA"), *see id.* ¶ 15, in which Aetna agreed to "observe the standard of care and diligence required of a fiduciary" under Section 404(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), *id.* at ¶ 19; ECF No. 1-4 at 1. The MSA includes the following arbitration provision:

> Any controversy or claim arising out of or relating to this Agreement
> or the breach, termination, or validity thereof, except for temporary,

> preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration in Hartford, CT, administered by the American Arbitration Association ('AAA') and conducted by a sole arbitrator in accordance with the AAA's Commercial Arbitration Rules ('Rules').  The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16[.]

*See* ECF No. 1-4 at 8.

On July 9, 2024, the Board filed the complaint in this action, alleging that Aetna breached the MSA and its ERISA fiduciary duties by failing to timely pay benefits claims and thereby causing the denial of the Fund's stop-loss insurance coverage.  *See* Complaint ¶¶ 44–81.  On September 11, 2024, prior to filing a response to the Board's complaint, Aetna initiated a separate action in the District of Connecticut, where it filed a petition to compel arbitration of the Board's claims.  *See Aetna Life Ins. Co. v. Bd. Trs. AGMA Health Fund*, No. 3:24-CV-1461-VDO (D. Conn. Sept. 11, 2024), ECF No. 1.  On October 3, 2024, Aetna filed a motion in this Court seeking a discretionary stay of this action pending the resolution of the District of Connecticut case.  *See* ECF No. 17.  The Board opposed Aetna's motion on October 17, 2024.  *See* ECF No. 29.  The Court heard oral argument on the motion on November 21, 2024.

## DISCUSSION

Aetna asks the Court to exercise its discretion to stay this case pending the resolution of the petition to compel arbitration filed in the District of Connecticut.  The motion is granted.  The Court concludes that the first-filed rule does not apply, that the Federal Arbitration Act (the "FAA") permits Aetna to file a petition to compel arbitration in the District of Connecticut notwithstanding the pendency of this action, and that a discretionary stay is appropriate under the applicable five-factor test.

## I.    Whether the First-Filed Rule Applies

The Board contends that this Circuit's first-filed rule requires the Court to allow this case

to proceed.  *See* ECF No. 29 at 10.  Under the first-filed rule, as a general matter, "where there are two competing lawsuits, the first suit should have priority."  *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008).[1]  "This rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum."  *Id.* at 275.  Accordingly, "where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action."  *Abbott Lab'ys v. Feinberg*, 477 F. Supp. 3d 57, 63 (S.D.N.Y. 2020) (quoting *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991)).

The first-filed rule does not apply here.  Although this case and the one in the District of Connecticut arise out of the same dispute, they do not involve the same issues.  This case alleges breaches of fiduciary duty pursuant to ERISA Section 502, 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).  *See* Complaint ¶¶ 2, 66–81.  By contrast, the District of Connecticut case seeks to compel arbitration, and therefore does not "embrac[e] the same issue."  *Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*, No. 04-CV-0299 (DAB), 2004 WL 1386145, at *2 (S.D.N.Y. June 22, 2004) (holding that the first-filed rule did not apply where a second-filed petition to compel arbitration and a first-filed action were pending in separate districts); *see also Wework Companies Inc. v. Zoumer*, No. 16-CV-457 (PKC), 2016 WL 1337280, at *2 (S.D.N.Y. Apr. 5, 2016) ("While the parties in the two cases are the same, the issues, although related, are distinct.  The California Action involves substantive claims for which respondent is seeking relief under California labor laws, whereas the petitioner before this court seeks to compel arbitration of those claims."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Pro. Football Ltd. P'ship*, No. 09-CV-7490

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

3

(PKC), 2010 WL 286634, at *3–4 (S.D.N.Y. Jan. 15, 2010), *aff'd sub nom. Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. P'ship*, 409 F. App'x 401 (2d Cir. 2010); *Bank of Tokyo-Mitsubishi, Ltd. v. J.A. Jones, Inc.*, No. 98-CV-2494 (LMM), 1998 WL 283355, at *2 (S.D.N.Y. May 29, 1998).  Accordingly, the Court is not required to follow the first-filed rule and may exercise its discretion to stay this proceeding, if otherwise appropriate.

## II.    Whether Aetna Acted Properly under the Federal Arbitration Act

The Board next argues that Aetna should not have filed the Section 4 petition, but must instead seek a stay of this action pursuant to Section 3 of the FAA.  *See* ECF No. 29 at 7.  Aetna responds that, pursuant to Section 4 of the FAA, it was required—or at least permitted—to file a petition to compel arbitration in the District of Connecticut.  *See* ECF No. 17 at 2.

FAA Section 4 "allows a party to an [arbitration] agreement to petition a district court for an order compelling arbitration where a counterparty fails, neglects, or refuses to arbitrate." *Schatzmann v. Harris Partners Ltd.*, No. 21-CV-7301 (KPF), 2024 WL 1255296, at *3 (S.D.N.Y. Mar. 22, 2024).  "Although the Second Circuit has not decided the question of whether Section 4 precludes a district court from compelling arbitration outside of its district," as one of my colleagues has noted, "persuasive decisions in this Circuit have routinely held that it does."  *L. Offs. of Joseph L. Manson III v. Keiko Aoki*, No. 19-CV-4392 (LTS) (GWG), 2020 WL 767466, at *4 (S.D.N.Y. Jan. 3, 2020); *see also* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.").  Accordingly, because the MSA mandates that any arbitration be held in Hartford, Connecticut, *see*

ECF No. 1-4 at 3, only the District of Connecticut has authority to compel arbitration "in the manner provided" by the parties' agreement. 9 U.S.C. § 4; *see also Champion Auto Sales, LLC v. Polaris Sales Inc.*, 943 F. Supp. 2d 346, 356 (E.D.N.Y. 2013).

Although Section 4 precludes a court from compelling arbitration in a foreign district, "the court may still determine that the dispute nonetheless remains 'referable to arbitration'" pursuant to Section 3, and "must then order a stay instead." *DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F. Supp. 2d 714, 739 (S.D.N.Y. 2003); *see also Champion Auto Sales*, 943 F. Supp. 2d at 356 (collecting cases). To determine whether a dispute is referable to arbitration, a district court must consider (i) whether the parties agreed to arbitrate, and, if so, (ii) whether the scope of that agreement encompasses the claims at issue. *See Schatzmann*, 2024 WL 1255296, at *4 (citing *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015)). Where those criteria are met, the court will order a stay, "thereby leaving the parties free to pursue their contractual rights and remedies in the appropriate venue." *DaPuzzo*, 263 F. Supp. 2d at 739.

Where a pending action involves potentially arbitrable claims, the party seeking to arbitrate those claims will typically move in that action either to compel arbitration pursuant to 9 U.S.C. § 4 or to stay the action pursuant to 9 U.S.C. § 3. *See, e.g., Schatzmann*, 2024 WL 1255296, at *2–3; *Champion Auto Sales*, 943 F. Supp. 2d at 350–51; *DaPuzzo*, 263 F. Supp. 2d at 716–18. Here, in lieu of moving before this Court to stay the action pursuant to Section 3, Aetna filed a petition to compel arbitration in the District of Connecticut. Aetna therefore asks the Court to stay this case on a discretionary basis without determining whether the Board's claims are arbitrable. *See* ECF No. 17 at 2.

While Aetna's decision to initiate a separate action to compel arbitration appears to be unusual, it is not improper. Section 4 permits a party to an arbitration agreement to "petition *any*

*United States district court* . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 (emphasis added). Nothing in the statute requires that a petition be filed in the court where the related action is already pending. Nor is Section 3 the only basis upon which the Court may stay this litigation—it has the inherent power to do so. *See DaPuzzo*, 263 F. Supp. 2d at 741–42 (collecting cases). Indeed, courts in this district and elsewhere have similarly stayed litigation without first determining arbitrability. *See Bank of Tokyo-Mitsubishi, Ltd.* 1998 WL 283355, at *2–3; *see also Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 249 n.4 (2d Cir. 2019); *Amtex Sec., Inc. v. 3M Co.*, No. CIV.A. 07-171, 2007 WL 2176977, at *1 (S.D. Tex. July 27, 2007); *Lummus Co. v. Commonwealth Oil Ref. Co.*, 280 F.2d 915, 933 (1st Cir. 1960) ("The stay that we indicated i[s] not the equivalent of the stay which would be entered upon a motion for a stay of the action under an arbitration statute[,] . . . [which would] settle all questions of arbitrability."). Accordingly, because Aetna was not required to move for a stay pursuant to Section 3, the Court need not consider arbitrability and may exercise its discretion to stay this proceeding.

### III.    Whether a Discretionary Stay is Warranted

A court's power to stay litigation is incidental to "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private

interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.*

Here, the interests of the courts outweigh the remaining factors. Courts in this district routinely issue stays when "awaiting the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action to be stayed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 17-CV-5916 (AJN), 2018 WL 3849840, at *2 (S.D.N.Y. Aug. 10, 2018). This approach "promot[es] judicial efficiency and minimiz[es] the possibility of conflicts between different courts." *Catskill Mountains Chapter of Trout Unlimited, Inc.*, 630 F. Supp. 2d at 304. If the Court does not stay this action, Aetna has indicated its intention to instead seek a stay pursuant to Section 3, *see* ECF No. 17 at 2 n.2, which would require the Court to determine arbitrability—the very issue before the District of Connecticut court. The possibility of overlapping or duplicative litigation therefore weighs heavily in favor of the Court exercising its discretion to stay this case. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 299 (S.D.N.Y. 2018); *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) ("The [five-factor] test . . . has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)[.]").

Conversely, neither the Board, the nonparty Fund plan participants, nor the public would be significantly prejudiced by a stay. The threshold question of arbitrability must be resolved before the Board's claims may proceed, and staying this proceeding in favor of the District of Connecticut case does not delay resolution of that issue. If the District of Connecticut court denies Aetna's petition, the Board may return to this Court to pursue its claims. Moreover, were Aetna to move for a stay pursuant to Section 3—as the Board contends it must—the Court would likely

stay discovery pending its resolution of that motion. *See Alvarez v. Experian Info. Sols., Inc.,* No. 19-CV-03343 (JS) (JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) (collecting cases) ("A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it."). Accordingly, even if the Court were to deny Aetna's motion for a discretionary stay, it is unlikely that this case would proceed far beyond its current stage. Any delay caused by the stay is therefore outweighed by the efficiency and resource-conservation considerations discussed above. *See Ferguson & Katzmann Photography, Inc, v. Key Food Stores Co-Operative, Inc., et al.*, No. 20-CV-8854 (VM), 2021 WL 3036069, at *2 (S.D.N.Y. July 14, 2021).

## CONCLUSION

For the reasons stated above, this action is hereby stayed pending the resolution of Aetna's petition to compel arbitration filed in the District of Connecticut. *See Aetna Life Ins. Co. v. Bd. Trs. AGMA Health Fund*, No. 3:24-cv-1461-VDO (D. Conn. Sept. 11, 2024), ECF No. 1. The parties shall provide a status update to the Court within one week of the District of Connecticut court's ruling on the petition.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 17.

SO ORDERED.

Dated:    November 26, 2024
          New York, New York

_____
Ronnie Abrams
United States District Judge